Case 2:11-cv-00591-SDW-MCA   Document 1   Filed 02/01/11   Page 1 of 17 PageID: 1

Rachel J. Geman
Daniel R. Leathers (DL4995, New Jersey State Bar 1044-2009)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel.: (212) 355-9500
Fax: (212) 355-9592
Email: rgeman@lchb.com
        dleathers@lchb.com

Michael W. Sobol
Katherine M. Lehe
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel.: (415) 956-1000
Fax: (415) 956-1008
Email: msobol@lchb.com
        klehe@lchb.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE TINKHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT SPECTRUM L.P. d/b/a/ SPRINT NEXTEL,<br><br>Defendant. | Civil Action No.<br><br><br><br><u>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**</u> |

Plaintiff Julie Tinkham ("Plaintiff"), individually and on behalf of a proposed class of Minnesota residents, makes the allegations in this Class Action Complaint based upon

909658.3

information and belief except upon those relating to her, which are based on personal knowledge. Plaintiff alleges the following against Sprint Spectrum L.P. d/b/a Sprint Nextel ("Sprint").

## NATURE OF THE ACTION

1. This is an action to enjoin ongoing unfair business practices and to recover monetary restitution and damages arising out of Sprint's practice of charging customers who had purchased Sprint's "Everything Messaging" cell phone plans for using their cell phones to send pictures.

2. Plaintiff brings this lawsuit as a proposed class action on behalf of herself and other Sprint customers residing in Minnesota (1) who purchased Sprint "Everything Messaging" cell phone plans that purportedly provided "Unlimited Messaging (Picture, Text, & Video)," and (2) who were then charged by Sprint for using their cell phones to send pictures.

## THE PARTIES

3. Plaintiff Julie Tinkham is a citizen of Minnesota residing in St. Paul, Minnesota who has the "Everything Messaging" plan and who was charged, and has paid, for charges relating to purportedly sending pictures.

4. Defendant Sprint Spectrum L.P. is a Delaware limited partnership doing business, and maintaining an office, in the State of New Jersey with its principal place of business at 6160 Sprint Parkway, Overland, Kansas. Upon information and belief, Sprint is among the largest providers of cell phone service in the United States, with tens of millions of customers.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because Plaintiff seeks relief under the Federal Communication Act, 47 U.S.C. § 201 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Jurisdiction is proper with respect to Plaintiff's state-law claims under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Jurisdiction is also proper with respect to Plaintiff's state-law claims pursuant to 28 U.S.C. § 1332(d), in that, upon information and belief, this is a class action involving more than 100 Class members where the amount in controversy exceeds $5 million, exclusive of interest and costs, and there is at least one Class member who is a citizen of a state other than the Sprint's state of citizenship.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

8. Plaintiff is filing the instant action in the District of New Jersey for the convenience of parties, as this action is related to a case pending before this Court: *Eoff v. Sprint Nextel Corp., et al.*, Case 2:10-cv-01190-SDW–MCA (filed Mar. 5, 2010). A Notice of Related Case will be filed separately with this Court.

## FACTUAL BACKGROUND

9. Plaintiff contracted with Sprint for the provision of cellular telephone services for her personal use.

10. Plaintiff signed up for Sprint's "Everything Messaging" plan. This plan purported to provide **Unlimited nationwide, text, picture and video messaging to anyone on any network.**

11. Plaintiff was unaware of, and Sprint did not disclose, limitations on, or further charges for, the unlimited picture messaging uniformly promised by the "Everything Messaging" plan.

12. Despite the foregoing, and contrary to the plain meaning of "everything" and "unlimited," Sprint assessed charges from Plaintiff and other Class members for picture messaging beyond the regular, agreed-on monthly payments, contrary to the express terms of the "Everything Messaging" plan they purchased.

909658.3

13. Plaintiff and numerous other Sprint customers complained to Sprint about these Wrongful Charges. Sprint's own website shows many such complaints.

14. Plaintiff's communications with Sprint illustrates that its marketing was misleading and that a reasonable consumer would not understand the Everything Messaging plan to involve extra charges for sending pictures on one's cell phone and, upon information and belief, was typical of the common excuses Sprint offered to justify its wrongful charges.

15. Specifically, in a transcribed "webchat" between Plaintiff and a Sprint customer service representative regarding charges applied to Plaintiff's bill, a Sprint representative informed Plaintiff that "the plan on [Plaintiff's] account is Everything Messaging plan and there is no data pack added on [Plaintiff's] account." Although Plaintiff's Everything Messaging plan promised unlimited picture mail as described above, the representative informed Plaintiff that "[a]s you have send the picture mails and to send the picture mail you have used 357 KB. This is the usage you have been charged for."

16. In response to Plaintiff's assertion that "picture mail is supposed to be included in the plan," the representative wrote "there is a difference between Picture Mail and accessing pictures using data services." However, when Plaintiff stated that she had not used data services to send picture mail, and asked how she could avoid being overcharged for using her picture mail plan in the future, the representative responded that it "is not possible to check what exactly you have used for the data usage. It may include the picture mail charges or you may have been used Internet surfing." Although Plaintiff's Everything Messaging plan made no exceptions for data usage, the Sprint representative justified the charges based on possible data usage under Plaintiff's Everything Messaging plan, although Sprint could not even determine the exact

reason it applied the charges – and could not explain generally why there were undisclosed exceptions to its Everything Messaging plan.

17.     As a result of Sprint's wrongful practices, Plaintiff's and Class members' bills were higher than expected and contracted-for.

18.     Sprint is aware of the widespread problems with its Everything Messaging plan through its customer complaint/service information and, among other sources, for example, has access to customer complaints on Sprint's own website that, upon information and belief, date back more than two years.

19.     Upon information and belief, Sprint engaged in acts of active concealment when it responded to a posting on a website entitled The Consumerist, which had published a post entitled "Sprint's 'Unlimited' Messaging Package Charges You Per Message," dated January 17, 2009. This posting quoted an unnamed Sprint representative as saying that Sprint's promise of "Unlimited . . . picture and video messaging . . ." means that the customer has the capability to send picture messages, but that the customer cannot actually send them without an additional charge.

20.     Upon information and belief, a Sprint representative responded to this posting, which was published by The Consumerist, in its own posting entitled "Sprint Clears Up 'Unlimited Messaging' Confusion," dated January 20, 2009. The Sprint representative said, "I saw your article on Sprint's 'Everything Messaging' plans. Sprint's 'Everything Messaging' plans include unlimited text, picture and video messaging at no additional charge. **With these plans, there are no charges for data usage associated with using picture or video messaging**." (Emphasis added.)

21. Finally, Sprint's uniform contracts include language that purports to impose mandatory arbitration and/or waive the right for consumers to bring class action lawsuits. These contracts of adhesion are procedurally and/or substantively unconscionable.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and (g).

23. The Class Period dates back six years from the date of commencement of this action.

24. The Class is defined as:

> All Persons (i) who reside, or during the Class Period resided, in Minnesota; (ii) who, while residing in Minnesota, purchased the "Everything Messaging" plan from Sprint; and (iii) who were charged additional fees, beyond the agreed-to monthly charge, other than applicable taxes, for sending pictures using their phones.

> Excluded from the Class are any judicial officer assigned to this matter; Sprint; the parents, subsidiaries and affiliates, officers and directors of Sprint or any entity in which Sprint has a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons. The Class may be modified pending discovery.

25. The exact number of Class members is unknown to Plaintiff at this time but is easily more than 40 and can be determined, and is ascertainable, based on Sprint's billing records. Joinder of all members is impracticable.

26. There are questions of law or fact common to the Class, including at least the following:

    a. Whether Sprint's practice of charging people with the Everything Messaging plan for sending pictures constitutes false advertising and breach of contract;

    b. Whether Sprint's conduct violated the Federal Communications Act;

      c.    Whether the law of Minnesota or New Jersey governs this dispute;

      d.    Whether Sprint's conduct constitutes deceptive, unfair and/or oppressive conduct;

      e.    Whether Sprint's conduct was knowing or willful;

      f.    Whether Sprint has been unjustly enriched;

      g.    Whether Declaratory Relief is appropriate; and

      h.    Whether Plaintiff and the Class have been damaged, and if so, the proper measure of such damages.

27. Plaintiff's claims are typical of the claims of the Class, and arise under the same legal and remedial theories.

28. Plaintiff will fairly and adequately represent the interests of the Class and does not have interests adverse to the Class. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions, pursuant to Rule 23(g).

29. Sprint has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole and rendering certification under Rule 23(b)(2) appropriate. Further, the prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Sprint.

30. Sprint's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

31. Common questions of law and fact predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient

adjudication of the controversy, making certification under Rule 23(b)(3) appropriate. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member. This case presents no manageability concerns of which Plaintiff is aware.

## COUNT I
### Violation of the Federal Communications Act, 47 U.S.C. § 201

32. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

33. Sprint is a common carrier engaged in interstate communication by wire for the purpose of furnishing communication services within the meaning of § 201(a) of the Federal Communications Act ("FCA"), 47 U.S.C. § 201 *et seq.*

34. Sprint's practice of charging additional fees beyond the agreed-to monthly charges in the Everything Messaging plan constitutes an unjust and unreasonable charge and practice in connection with communication services and therefore violates § 201(b) of the FCA, which requires that such charges be just and reasonable.

35. As a direct and proximate result of Sprint's violation of 47 U.S.C. § 201(b) of the FCA, Plaintiff and the Class have been damaged in an amount to be determined according to proof at trial.

## COUNT II
### Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

36. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

37. An actual controversy has arisen and now exists between Plaintiff and the Class members, on the one hand, and Sprint, on the other, concerning their respective rights and duties. Plaintiff and the Class contend that Sprint is engaging in improper billing practices and that this change in billing is a material change to the terms of the parties' contracts and has a material adverse effect on Plaintiff and the Class.

38. A judicial declaration is necessary and appropriate so that Plaintiff and the Class may ascertain their rights and duties with respect to Sprint's billing practices.

## COUNT III
### Violation of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69

39. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

40. Plaintiff makes these allegations and those of the ensuing two counts in the event the Court applies Minnesota law to this controversy.

41. Minnesota Statute § 325F.69, subdivision 1 (2008) provides:

> The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in section 325F.70.

42. Sprint provides cellular telephone service, which falls within the meaning of "merchandise" under Minn. Stat. § 325F.68, subd. 2.

43. The policies, acts, and practices of Sprint, as alleged above, violated and continue to violate the Minnesota Prevention of Consumer Fraud Act in at least the following respects:

   a. In violation of Minn. Stat. § 325F.69, subd. 1, Sprint made and continues to make false promises regarding the terms, conditions, costs, and/or charges of its "Everything

Messaging" plans, with the intent that consumers such as Plaintiff and the Class rely on such promises, in connection with the sale of the cellular telephone services at issue.

        b.     In violation of Minn. Stat. § 325F.69, subd. 1, Sprint misrepresented and continues to misrepresent the terms, conditions, costs, and/or charges of its "Everything Messaging" plans, with the intent that consumers such as Plaintiff and the Class rely on such promises, in connection with the sale of the cellular telephone services at issue.

        c.     In violation of Minn. Stat. § 325F.69, subd. 1, Sprint made and continues to make misleading statements regarding the terms, conditions, costs, and/or charges of its "Everything Messaging" plans, with the intent that consumers such as Plaintiff and the Class rely on such promises, in connection with the sale of the cellular telephone services at issue.

        d.     In violation of Minn. Stat. § 325F.69, subd. 1, Sprint employed and continues to employ deceptive practices with the intent that consumers, such as Plaintiff and the Class rely on such practices in connection with the sale of the cellular telephone services at issue.

        e.     In violation of Minn. State § 325F.69, subd. 1, Sprint concealed and continues to conceal material facts relating to its "Everything Messaging" plan with the intent that consumers, such as Plaintiff and the Class, rely on half-truths in connection with the sale of the cellular telephone services at issue.

    44.     Sprint's conduct described in the above paragraphs violates Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325.69, subd. 1 (2008), and has a causal nexus to Plaintiff's and the Class' injuries, entitling them to damages, injunctive, and equitable relief, including but not limited to restitution and disgorgement, and an award of legal expenses and fees pursuant to Minn. Stat. § 8.31, subd. 3a.

## COUNT IV

**Violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44**

45. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

46. Minnesota Statute § 325D.44, subd. (1) provides in pertinent part as follows:

> A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:
>
> . . . (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;
>
> . . . (7) represents that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another;
>
> . . . (9) advertises goods or services with the intent not to sell them as advertised;
>
> . . . (13) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

47. The policies, acts, and practices of Sprint in its advertisement, marketing and sales of the "Everything Messaging" cellular telephone service plan at issue, as described above, constitute deceptive trade practices in at least the following respects:

    a. In violation of Minn. Stat. § 325D.44, subd. 1(5), Sprint misrepresented and continues to misrepresent the characteristics, uses and benefits of its services and products, namely the "Everything Messaging" plan;

    b. In violation of Minn. Stat. § 325D.44, subd. 1(7), Sprint represented and continues to represent that services and products are of a particular quality when they are not, namely the "Everything Messaging" plan;

909658.3

c. In violation of Minn. Stat. § 325D.44, subd 1(9), Sprint advertised and continues to advertise services and products with the intent not to sell them as advertised, namely the "Everything Messaging" plan; and

d. In violation of Minn. Stat. § 325D.44, subd. 1(13), Sprint engaged and continues to engage in other deceptive conduct regarding the "Everything Messaging" plan that creates a likelihood of confusion and misunderstanding.

e. In violation of Minn. Stat. § 325D.44, subd. 1(13), Sprint concealed and continues to conceal material facts with the intent that consumers, such as Plaintiff and the Class, rely on half-truths in connection with the sale of the "Everything Messaging" cellular telephone service plan at issue.

48. Sprint's conduct as described in the above paragraphs constitutes violations of Minn. Stat. § 325D.44, subd. 1 (5), (7), (9), and (13), entitling Plaintiff and other Class members to costs and injunctive relief, under Minn. Stat. § 325D.45, subd. 1, including but not limited to restitution and disgorgement. In addition, as a direct, proximate and foreseeable result of Sprint's conduct in violation of Minn. Stat. § 325D.44, Plaintiff and Class members sustained damages and are also entitled to an award of attorneys' fees pursuant to Minn. Stat. § 8.31, subd. 3a.

49. Because Sprint willfully engaged in the above-described trade practices knowing them to be deceptive, Plaintiff and other Class members are also entitled to recover their attorneys' fees under Minn. Stat. § 325D.45, subd. 2.

## COUNT V
## Violation of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.13

50. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

909658.3

51. Minnesota Statute § 325D.13 provides: "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality, ingredients or origin of such merchandise."

52. Sprint misrepresented and continues to misrepresent the true quality of the "Everything Messaging" cellular telephone service plan, as explained above, constituting unlawful trade practices in violation of Minn. Stat. § 325D.13.

53. As a direct, proximate and foreseeable result of Sprint's conduct in violation of Minnesota's Unlawful Trade Practices Act, Minn. Stat. § 325D.13, Plaintiff and Class members sustained damages and are also entitled to injunctive and equitable relief and an award of attorneys' fees pursuant to Minn. Stat. § 8.31, subd. 3a.

## COUNT VI
### Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*

54. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

55. Plaintiff makes these allegations in the event the Court applies New Jersey law to this controversy.

56. New Jersey's Consumer Fraud Act (N.J.S.A. § 56:8-2) provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

57. At all relevant times, Plaintiff, Class members and Sprint were "persons" within the meaning of New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1.

58. Sprint's "Everything Messaging" plans are acts or practices in the conduct of trade or commerce within the meaning of the New Jersey Consumer Fraud Act.

59. Sprint's implementation of its "Everything Messaging" plans was and is unconscionable and/or deceptive in that Sprint advertised and advertises these plans as providing unlimited messaging—whether for text, video or photographs—for one flat rate when, in fact, Sprint consistently charged and charges customers with "Everything Messaging" plans for messages that included photographs.

60. Plaintiff and other Class members suffered ascertainable harm as a result of Sprint's deceptive and/or unconscionable acts by being forced to pay charges for messaging beyond those charges that were advertised by Sprint and which they reasonably expected to incur based upon Sprint's representations as to the terms and conditions of its "Everything Messaging" plans.

61. As a result of the foregoing acts and practices, Plaintiff and the Class are entitled to recover damages, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit.

## COUNT VII
## Breach of Contract

62. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

63. Sprint's form contract with Plaintiff and Class members has provided that "Everything Messaging" plan means "**Unlimited nationwide, text, picture and video messaging to anyone on any network.**"

64. Plaintiff and Class members agreed to pay monthly charges (flat fees) in exchange for the Everything Messaging plan, and did pay such charges.

909658.3

65. Sprint has breached the agreement by charging Plaintiff for data usage in connection with her sending of picture messages, even though she had the "Everything Messaging" plan.

66. Plaintiff has been injured by Sprint's breach of contract in the form of being billed for charges she was not obligated to pay, and the Plaintiff will continue to incur such charges and damages in the future.

## COUNT VIII
### Unjust Enrichment

67. Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

68. In the alternative to the contract claim, Plaintiff alleges as follows:

69. Plaintiff and Class have conferred benefits on Sprint by paying the monthly charges on their cell phone plans, and by paying some or all of the extra charges billed to them by Sprint for sending picture messages.

70. Sprint knowingly and willingly accepted these monetary benefits from Plaintiff and Class members and has been unjustly enriched.

71. Under these circumstances, it is inequitable for Sprint to retain these benefits at the expense of Plaintiff and the Class.

72. Plaintiff and Class are entitled to recover from Sprint all amounts wrongfully collected and improperly retained by Sprint, plus interest thereon.

73. As a direct and proximate result of the Sprint's unjust enrichment, Plaintiff and Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Sprint of the benefits conferred by Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, demands judgment against Sprint as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and (g);

B. Designating Plaintiff as representative of the Class and Plaintiff's counsel as Class counsel;

C. Entering judgment in favor of Plaintiff and Class and against Sprint;

D. Awarding the declaratory relief, and equitable and/or injunctive relief as requested herein;

E. Awarding Plaintiff and Class their individual damages and any penalties appropriate;

F. Awarding Plaintiff and the Class attorneys' fees and costs;

G. Awarding statutory pre-judgment and post-judgment interest thereon, and;

H. Granting such further relief as the Court deems just.


Dated: February 1, 2011                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                       By: ___/s Daniel R. Leathers___
                                           Daniel Leathers

                                       Rachel J. Geman
                                       Daniel R. Leathers (DL4995, New Jersey State Bar 1044-2009)
                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                       250 Hudson Street, 8th Floor
                                       New York, NY  10013-1413
                                       Tel.: (212) 355-9500
                                       Fax: (212) 355-9592
                                       Email: rgeman@lchb.com
                                              dleathers@lchb.com

909658.3

Michael W. Sobol
Katherine M. Lehe
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: (415) 956-1000
Fax: (415) 956-1008
Email: msobol@lchb.com
klehe@lchb.com

*Attorneys for Plaintiff and the Proposed Class*